**Kathy H. PLOURDE, Plaintiff–Appellant,**

v.

**Henry M. PAULSON, Jr., Secretary of Treasury, Internal Revenue Service,\* Defendant–Appellee.**

**No. 06–3133–cv.**

United States Court of Appeals, Second Circuit.

June 6, 2007.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), the Clerk of Court is directed to substitute Secretary of the Treasury, Henry M. Paulson, Jr., for the named defendant, former Secretary John W. Snow.

Frank C. Dell'Amore (Scott Michael Mishkin, on the brief), Scott Michael Mishkin, P.C., Islandia, New York, for Plaintiff–Appellant.

Catherine M. Mirabile, Assistant United States Attorney (Steven Kim, Assistant United States Attorney, on the brief), for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Brooklyn, New York, for Defendant–Appellees.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. CHESTER J. STRAUB, Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Plaintiff Kathy H. Plourde appeals from a final judgment entered on June 14, 2006 in the United States District Court for the Eastern District of New York (Feuerstein, *J.*), granting summary judgment in favor of defendant-appellee on all claims. We assume the parties' familiarity with the underlying facts, procedural history, and issues presented for review.

We review *de novo* the district court's grant of summary judgment, construing the facts in the light most favorable to the non-moving party. *Cioffi v. Averill Park Cent. Sch. Dist. Bd. of Educ.*, 444 F.3d 158, 162 (2d Cir.2006). Summary judgment is appropriate only where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "Conclusory allegations, conjecture, and speculation ... are insufficient to create a genuine issue of fact." *Shannon v. N.Y. City Transit Auth.*, 332 F.3d 95, 99 (2d Cir.2003) (internal quotation marks omitted).

[A] "Although part-time work constitutes a reasonable accommodation ..., an employee who proposes this accommodation may only prevail ... if he can demon-

strate that he could perform the essential functions of his job while working part-time." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 336 n. 5 (2d Cir.2000). Thus, "a scheduling accommodation is not reasonable if it, in essence, requires an employer to eliminate an essential function of a job." *Rodal v. Anesthesia Group of Onondaga, P.C.*, 369 F.3d 113, 120 (2d Cir.2004); *see also Shannon*, 332 F.3d at 100 ("A reasonable accommodation can never involve the elimination of an essential function of a job.").

Viewing the facts in the light most favorable to Plourde, she failed to demonstrate that her requested accommodation (four-hour workdays) is reasonable on its face. As noted by the district court, Plourde "alleges that she is capable of performing the essential functions on a part time-basis of the Section Chief position because she 'was an extremely experienced and diligent Section Chief and she had even more experienced managers working underneath her' " and because she " 'worked 150 percent [sic] within her four (4) hour work day.' " *Plourde v. Snow*, No. 02 Civ. 5532, 2006 WL 4510754, at *8 (E.D.N.Y. June 14, 2006). But the district court marshaled the undisputed facts to the contrary:

> [T]he ERRP Section Chief was responsible for supervising a large team of individuals [five managers who together supervised 150 employees in five separate units]. The work performed by ERRP was time-sensitive, and the Section Chief was required to closely monitor and control the workflow and constantly monitor and reallocate resources to meet the changing needs of the program. Furthermore, the Section Chief was required to respond to and resolve re-

source management issues quickly and undertake immediate efforts to correct problems with the computer systems.... While [Plourde] claims she is capable of performing the responsibilities of the Section Chief position in a four-hour workday, this claim is belied by the ... fact that Defendant double-encumbered the position while [Plourde] was temporarily working part-time, requiring it to pay two employees at full-time salaries to perform the duties of the position.

*Id.* at *8–*10 (internal quotation marks, emendations and citations omitted). Plourde's assertion that other Section Chiefs were permitted to work part-time schedules does not create an issue of fact, because her evidence does not support her contention that they were similarly situated to her. For one thing, the others did so only on a temporary basis. In light of the foregoing, we affirm the district court's dismissal of Plourde's disability discrimination claims.

[B] We have considered Plourde's remaining arguments regarding her retaliation, hostile work environment, and sex-discrimination claims and we affirm for substantially the reasons set forth in the district court's June 14, 2006 Memorandum and Order. *See id.* at *10–*14.